UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MANES' PHARMACY, INC.                                                                   PLAINTIFF

v.                                         No. 2:22-cv-2186

AMERISOURCEBERGEN DRUG CORPORATION                                       DEFENDANT

## OPINION AND ORDER

Before the Court are Plaintiff Manes' Pharmacy, Inc.'s ("Manes") motion for temporary restraining order and preliminary injunction (Doc. 5), and Defendant AmerisourceBergen Drug Corporation's ("AmerisourceBergen") response in opposition (Doc. 16). For the reasons given below, Manes' request for a temporary restraining order is DENIED, but the Court will DEFER RULING on Manes' request for a preliminary injunction until an evidentiary hearing is conducted on the matter.

This dispute arises between a pharmacy and the pharmacy's wholesale distributor of, among other products, controlled substances. Manes is a pharmacy that has served the local Van Buren, Arkansas community for nearly 40 years. (Doc. 4, p. 2). AmerisourceBergen is a wholesale distributor of pharmaceutical products, including controlled substances. (Doc. 16, p. 4). Manes alleges that it has purchased pharmaceuticals from AmerisourceBergen for over 15 years. (Doc. 4, p. 3). Manes purchases "many different medications" from AmerisourceBergen's facility in Tulsa, Oklahoma. *Id.* According to AmerisourceBergen, the wholesaler sells Manes both controlled and non-controlled substances. (Doc. 16, p. 10).

The crux of this dispute and the instant motion arise from AmerisourceBergen's decision

to restrict its sale of controlled substances and listed chemicals to Manes.[1]  In a November 2, 2022 letter memorializing that decision, AmerisourceBergen explained that members of its Controlled Substance Monitoring Program reviewed Manes' dispensing practices and identified several "red flags." (Doc. 4, p. 400; Doc. 16-4).  Specifically, AmerisourceBergen was concerned that Manes: (1) dispensed controlled substances for prescriptions from family/general practitioners; (2) dispensed combinations of opioids and benzodiazepines; (3) dispensed multiple controlled substances in the same therapeutic class concurrently; and (4) dispensed controlled substances to a dentist in large quantities.  *Id.*  Manes was given the opportunity to dispute or respond to these allegations in writing.  *Id.*

Manes responded to the letter and indicated that it would change its dispensing practices to comply with AmerisourceBergen's letter.  (Doc. 4, p. 404).  Manes' owner also requested reconsideration of AmerisourceBergen's decision to cease sales, stating "I am willing to do what ever I have to do to avoid suspension of sales of controlled substances."  *Id.*  AmerisourceBergen acknowledged receipt of the reconsideration request the same day.  (Doc. 4, p. 406).  Six days later, AmerisourceBergen sent a second letter stating that Manes' letter did not adequately address its concerns.  (Doc. 4, p. 411; Doc. 16-5).  AmerisourceBergen indicated that its restriction of controlled substance sales to Manes would go into effect on November 30, 2022.  *Id.*

Manes sued AmerisourceBergen on December 2, 2022 in Arkansas state court for breach of contract, tortious interference with business expectancy, and violation of the United States and Arkansas Constitutions' procedural due process clauses.  (Doc. 4).  Manes contemporaneously filed this motion for a temporary restraining order and preliminary injunction, seeking an order

---

[1] For convenience, controlled substances and listed chemicals will collectively be referred to as "controlled substances" throughout this Opinion and Order.

requiring AmerisourceBergen to continue its sale of controlled substances to Manes.  (Doc. 5).  AmerisourceBergen removed the case to this Court on December 6, premising its removal on both diversity and federal question jurisdiction.  (Doc. 2).  Because of the need for timely resolution of the temporary restraining order, the Court ordered AmerisourceBergen to respond to the instant motion by noon today, December 9, 2022.  (Doc. 13).  The motion is now ripe for a decision.

Temporary restraining orders are granted according to the same standard as preliminary injunctions.  *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir 2022).  In determining whether to grant either form of relief, this Court considers four factors: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest."  *Dataphase Sys., Inv. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc).  The movant has the burden of establishing that injunctive relief is proper.  *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).  While no single factor is dispositive, relief will be denied if irreparable harm is not shown.  *Id.*  Here, Manes has not shown irreparable harm that would justify entry of a temporary restraining order.

Manes alleges that if AmerisourceBergen is not enjoined from terminating its sales of controlled substances to Manes, then Manes "will likely have to close its business after nearly forty (40) years of service to its communities . . . ."  *See* Doc. 4, ¶ 50.  It is true that closure of a business may constitute irreparable harm.  *See, e.g.*, *Packard Elevator v. I.C.C.*, 782 F.2d 112, 115 (8th Cir. 1986) ("Recoverable monetary loss may constitute irreparable harm only where the loss threatens the very existence of the [petitioner]'s business" (alteration in original)); *Rylo Mfg. Co. v. Eden Servs.*, 759 F.2d 671, 673 (8th Cir. 1985) (irreparable harm where more than 95% of business's annual revenue came from terminated contract).  However, Manes does not provide any

concrete numbers in support of the claim that it is in danger of closure.  Instead, Manes asserts that "there is . . . no current way to quantify said losses . . . ." *See* Doc. 6, p. 7.  But the Court needs something more than conclusory allegations if it is to make a finding that an injunction is necessary to prevent Manes from closing down.  *See, e.g.*, *Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1183–84 (8th Cir. 2019).

Furthermore, given the record currently before it, the Court is skeptical that Manes is actually in imminent danger of shuttering its doors.  AmerisourceBergen apparently is not terminating its entire relationship with Manes, but rather is only terminating its sales of controlled substances to Manes.  *See* Doc. 16-4, p. 2.  According to sworn testimony from Duane Stickles, who is a Senior Director of Diversion Control for AmerisourceBergen, controlled substances account for only 15% by value of the prescription medications that Manes purchased from AmerisourceBergen during the first 11 months of 2022.  *See* Doc. 16-1, ¶¶ 30–31.  A good deal of relevant information is not presently available to the Court, such as Manes' operating expenses, profit margins, or even what percentage of Manes' revenues are derived from sales of controlled substances.  But the limited information currently in the record indicates that Manes is only in danger of losing, at most, 15% of its revenues.  Of course that is likely a significant hardship, and the Court does not mean to trivialize it.  But the Court is presently unpersuaded that Manes cannot survive the termination of its ability to purchase controlled substances from AmerisourceBergen, at least until a hearing can be held on Manes' request for a preliminary injunction.

Therefore, the Court will deny Manes' request for a temporary restraining order.  The Court notes that none of its findings or conclusions in this Opinion and Order constitutes law of the case, and that the Court remains free to change its mind once the record is further developed.  *See, e.g.*, *Travelers Ins. Co. v. Westridge Mall Co.*, 826 F. Supp. 289, 293 n.2 (D. Minn. 1992) (citing

*Berrigan v. Sigler*, 499 F.2d 514 (D.C. Cir. 1974)). The Court recognizes the urgency of this matter and will set an evidentiary hearing on Manes' motion for a preliminary injunction as soon as reasonably possible. That hearing will be set by separate order, after consultation early next week with the parties' attorneys regarding their availability.

IT IS THEREFORE ORDERED that Plaintiff Manes' Pharmacy, Inc.'s motion for temporary restraining order and preliminary injunction (Doc. 5) is DENIED IN PART with respect to Manes' request for a temporary restraining order.

IT IS FURTHER ORDERED that the Court will DEFER RULING on Manes' request for a preliminary injunction. An evidentiary hearing on Manes' request for a preliminary injunction will be set by separate order.

IT IS SO ORDERED this 9th day of December, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE