UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MANES' PHARMACY, INC.                                                                                      PLAINTIFF

v.                                       No. 2:22-cv-2186

AMERISOURCEBERGEN DRUG CORPORATION                                              DEFENDANT

## OPINION AND ORDER

Before the Court is Plaintiff Manes' Pharmacy, Inc.'s ("Manes") motion (Doc. 64) to strike the Report of Deborah Komoroski. Defendant AmerisourceBergen Drug Corporation ("AmerisourceBergen") responded in opposition (Doc. 75). For the reasons given below, Manes's motion will be DENIED.

AmerisourceBergen designated Ms. Komoroski as a rebuttal expert. (Doc. 64, p. 1). Ms. Komoroski prepared a report as part of her role as an expert. *See* Doc. 64-2. Manes now moves to strike her report on the grounds that she failed to disclose previous expert testimony. (Doc. 64, p. 1). Specifically, Manes argues Ms. Komoroski should have disclosed her testimony in two cases: *Suntree Pharmacy, Inc. v. AmerisourceBergen Drug Corp.*, No. 6:19-cv-1523 (M.D. Fla.) and *Miller Pharmacy Servs. LLC d/b/a Prescription Shoppe Pharmacy v. AmerisourceBergen Drug Corp.*, No. 3:21-cv-207 (W.D. La.). AmerisourceBergen responds that Ms. Komoroski testified as a fact witness in the *Suntree* case and that she never testified in *Miller*. (Doc. 75, p. 2).

A party's expert witness must prepare a written report that contains, among other information, "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition. . . ." Fed. R. Civ. P. 26(a)(2)(B)(v). Manes contends Ms. Komoroski violated this rule by not disclosing her involvement in the *Suntree* and *Miller* cases.

1

Based on that alleged violation, Manes seeks to strike her report because of her failure to disclose that required information. *See* Fed. R. Civ. P. 37(c)(1).

Manes's argument fails because Ms. Komoroski did not act as an expert in either case. In the *Suntree* case, Ms. Komoroski testified as a fact witness. She said so in her deposition. *See* Doc. 64-3, p. 12 (internally numbered 45:1–46:1). Manes has offered no evidence otherwise. In the *Miller* case, Ms. Komoroski never testified. AmerisourceBergen explains that Ms. Komoroski had been scheduled to testify as an expert in an evidentiary hearing related to a motion for a preliminary injunction. (Doc. 75, p. 3). However, before the hearing occurred, the *Miller* court denied the motion and cancelled the hearing. *Id*. This Court's independent review of the *Miller* docket confirms the same.

Ms. Komoroski did not testify as an expert in either the *Suntree* or *Miller* cases. Therefore, she had no expert witness testimony to disclose from the four years before her report. The Court will not strike her expert report.[1]

IT IS THEREFORE ORDERED that Plaintiff Manes's motion (Doc. 64) to strike the report of Deborah Komoroski is DENIED.

IT IS SO ORDERED this 22nd day of May, 2024.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

---

[1] At this time, the Court expresses no opinion on Manes's pending motion to exclude Ms. Komoroski under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). *See* Doc. 69.

2