UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MANES' PHARMACY, INC.                                                                                         PLAINTIFF

v.                                               No. 2:22-cv-2186

AMERISOURCEBERGEN DRUG CORPORATION                                                   DEFENDANT

**OPINION AND ORDER**

Before the Court are two motions to exclude expert testimony filed by Plaintiff Manes' Pharmacy, Inc. ("Manes") (Docs. 67, 69) and one motion to exclude expert testimony filed by the Defendant AmerisourceBergen Drug Corporation ("AmerisourceBergen") (Doc. 72). The Court has reviewed the motions as well as the briefs and exhibits filed in support of, and in opposition to, the motions. *See* Docs. 68, 70, 73, 76–77, 81, 85–86. Manes' motions will be DENIED, and AmerisourceBergen's motion will be GRANTED IN PART AND DENIED IN PART, as explained below.

**I.     Background**

This dispute is between a pharmacy and the pharmacy's wholesale distributor of, among other products, controlled substances. Manes is a pharmacy that has served the Van Buren, Arkansas community for nearly 40 years. (Doc. 53, p. 2). AmerisourceBergen is a wholesale distributor of pharmaceutical products, including controlled substances. (Doc. 16, p. 4). This dispute arises from AmerisourceBergen's decision to restrict its sale of controlled substances to Manes. Manes sued AmerisourceBergen for breach of contract, tortious interference with Manes' business expectancies, defamation, and compelled self-defamation. (Doc. 53).[1]

---

[1] Initially, Manes asserted a procedural due process claim under the United States and Arkansas Constitutions. (Doc. 4, pp. 12–15). However, Manes dropped that claim in its amended complaint. *See* Doc. 53.

1

The Court has previously denied Manes' motions for a temporary restraining order (Doc. 17) and preliminary injunction (Doc. 38).[2] Those orders contain a longer recitation of the factual background in this matter, but that background is not necessary to resolve these motions. Now, after discovery, both parties have moved to exclude some of the other parties' experts.

## II.     Legal Standard

Federal Rule of Evidence 702 governs the admissibility of expert testimony. That rule allows a witness "who is qualified as an expert by knowledge, skill, experience, training, or education" to provide opinion testimony if the party offering his testimony demonstrates to the court that it is more likely than not that:

>   (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>   (b) the testimony is based on sufficient facts or data;
>   (c) the testimony is the product of reliable principles and methods; and
>   (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

*See* Fed. R. Evid. 702. The proponent of expert testimony bears the burden of proving its admissibility by a preponderance of the evidence. *See In re Bair Hugger Forced Air Warming Devices Prods. Liability Litig.*, 9 F.4th 768, 776 (8th Cir. 2021). Eighth Circuit caselaw recognizes that Rule 702 embodies a "liberal thrust" in favor of admitting expert testimony. *See id.* at 777. In other words, exclusion of expert testimony is the exception rather than the rule. *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006). However, "[t]rial judges are tasked with a gatekeeping role to 'ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Shipp v. Murphy*, 9 F.4th 694, 700 (8th Cir. 2021) (quoting

---

[2] The parties consented to magistrate judge jurisdiction to resolve the motion for preliminary injunction, Doc. 43, p. 5, so Chief United States Magistrate Judge Mark E. Ford ruled on that motion. *See* Doc. 38, p. 10.

*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)). "It is within the broad discretion of the trial court whether to allow expert testimony." *Koslov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 393 (8th Cir. 2016) (internal quotations omitted).

## III. Analysis

Both parties seek to exclude some of their opponent's experts. Manes seeks to exclude the testimony of James Place and Deborah Komoroski. AmerisourceBergen seeks to exclude the testimony of Jack Teitelman. The Court will consider each expert in turn.

### A. James Place

Manes first seeks to exclude James Place on the grounds that he is testifying on matters outside of his area of expertise. Mr. Place has 27 years of experience working for the United States Drug Enforcement Administration and nearly ten years of doing compliance work in the private sector. (Doc. 77-2, p. 3). However, Manes argues the Court should exclude Mr. Place's opinions because he is not a pharmacist and his expert report contains opinions about "the practice of pharmacy and how a pharmacist fulfills his/her corresponding responsibility." (Doc. 68, p. 2). Additionally, Manes argues Mr. Place should be excluded under Arkansas law because he cannot judge whether a medical professional has deviated from the accepted standard of care. *Id.* at 4 (citing Ark. Code Ann. § 16-114-206(a)(1)). The Court rejects both arguments.

The Arkansas statute Manes relies on does not apply to this case for three independent reasons. First, the statute is titled "Plaintiff's burden of proof" and discusses what a plaintiff must show "when the asserted negligence does not lie within the jury's comprehension as a matter of common knowledge." Ark. Code Ann. § 16-114-206(a)(1). Manes is the plaintiff here and this is not an action for negligence, so the statute plainly does not apply here. Second, the statute applies to "any action for medical injury." *Id.* The statute defines "any action for medical injury" as all

3

actions against medical care providers. *Id.* § 16-114-201(1). And its definition of medical care provider does not include a drug distributor like AmerisourceBergen, so the statute does not apply. *Id.* § 16-114-201(2). Third, Manes has not alleged a medical injury. A "medical injury" is "any adverse consequences arising out of or sustained in the course of the professional services being rendered by a medical care provider to a patient or resident." *Id.* § 16-114-201(3). Manes alleges injuries arising out of AmerisourceBergen's decision to stop selling it controlled substances. Those are not medical injuries. The Arkansas statute therefore does not mandate excluding Mr. Place.

Manes also challenges specific opinions Mr. Place offers in his report as being beyond his area of expertise because he has not worked or trained as a pharmacist. However, the Court finds Mr. Place's opinions do not discuss the exercise of pharmacological judgment, which might require such experience. Instead, Mr. Place's testimony discusses the steps a distributor or government agency might take when investigating possible diversion. Mr. Place's opinions do not question the drugs Manes' pharmacists dispensed; his opinions question the steps the pharmacists took to investigate questionable prescriptions based on red flags (such as commonly diverted substances) before filling the prescriptions. This opinion falls within his decades of experience with investigations and compliance in the public and private sector.

Also, some of Manes' objections are simply disputes over the factual basis for Mr. Place's opinions. Disputes over the factual basis for an expert's opinion relate to the testimony's credibility, not admissibility. *Bonner v. ISP Techs., Inc.*, 259 F.3d 924, 929 (8th Cir. 2001) (quoting *Hose v. Chicago Nw. Transp. Co.*, 70 F.3d 968, 974 (8th Cir. 1996)). For example, Manes takes issue with paragraph 39 of Mr. Place's report. That paragraph reads, in part, "[p]roper controls can be accomplished by following common sense, sound professional practice, and proper dispensing procedures." (Doc. 77-2, p. 7). This paragraph is a direct quote from the DEA's

4

Pharmacist's Manual. (Doc. 77-1, p. 113). Manes argues that this is an example of where Mr. Place "opines as to what pharmacies and pharmacists should or should not do." (Doc. 68, p. 2). In fact, that paragraph is an example of what the DEA says what a pharmacist should or should not do. The same is true for paragraphs 38, 41, 43, and 44, which Manes also challenges. Manes' argument misses the mark because it challenges the factual basis for Mr. Place's opinions. Manes can use cross-examination to challenge the factual basis for Mr. Place's opinions. *See Bonner*, 259 F.3d at 929.

The last opinion Manes challenges is within Mr. Place's area of expertise. Manes argues the following opinion is impermissible: "AmerisourceBergen was justified in questioning Plaintiff's ability to satisfy its corresponding responsibility for the proper dispensing of controlled substances." (Doc. 77-2, ¶ 22). Mr. Place's decades of experience in the DEA and private sector compliance render him qualified to state that opinion. Mr. Place's opinion is made from the perspective of an outside investigator, not that of a pharmacist challenging Manes' pharmacist's pharmacological judgment. This is within his area of expertise.

In sum, Mr. Place's opinions all fall within his area of expertise and Arkansas's statute about the standard of care does not apply in this case. Manes is free to challenge the factual basis of Mr. Place's opinions on cross-examination, but Manes has not identified any reason Mr. Place's testimony is inadmissible. Manes's motion to exclude Mr. Place will be denied.

B. **Deborah Komoroski**

Manes next asks the Court the exclude Deborah Komorski because she is testifying on matters outside of her experience. AmerisourceBergen offers Ms. Komorski as a rebuttal expert to Manes' expert witnesses. (Doc. 76-2, p. 3). Ms. Komorski works for Cencora, Inc., which is AmerisourceBergen's parent company. *Id.* She has eight years' experience as a pharmacist,

twenty-five years' experience as a Drug Control Agent for the State of Connecticut, and thirteen years' experience doing compliance and diversion control work for private companies. (Doc. 76-2, pp. 19–22). Manes argues that Ms. Komoroski's opinions fall outside her area of expertise. (Doc. 70, pp. 3–4). Manes makes the same argument as above about Arkansas's standard of care for pharmacists, citing Ark. Code Ann. § 16-114-206(a)(1). The Court rejects that argument for the same reasons stated above: the statute does not apply to this case.

The Court also rejects Manes' argument that Ms. Komoroski's opinions should be excluded because she would testify outside her area of expertise. Manes objects to Ms. Komoroski's opinions which discuss AmerisourceBergen's processes when investigating whether a pharmacist carries out their corresponding responsibility. (Doc. 70, p. 2 (citing Doc. 76-2, pp. 3–5, 11)). These opinions all fall within her decades-long experience as both a pharmacist and diversion control agent.

Manes offers two additional brief arguments which are not convincing. Manes argues that "Ms. Komorski failed to consider all the facts." (Doc. 70, p. 4). This is a point Manes can press on cross-examination, but it is not a reason to exclude Ms. Komoroski. *See Bonner*, 259 F.3d at 929. Finally, Manes argues that because Ms. Komoroski never practiced pharmacy in Arkansas, she cannot testify as to the applicable standard of care. This argument misses the mark because Ms. Komoroski's opinions do not discuss the standard of care.

Based on the above, Manes' motion to exclude Ms. Komoroski will be denied.

C.     **Jack Teitelman**

AmerisourceBergen seeks to exclude Jack Teitelman, arguing his testimony is (1) factually unsupported, (2) factually flawed, and (3) purely speculative. (Doc. 85, p. 2). Manes retained Mr. Teitelman as a rebuttal witness to Mr. Place. *Id.* at 1. Mr. Teitelmean worked for the DEA as a

6

special agent for 13 years, and he has worked in other law enforcement capacities for an additional 13 years. (Doc. 72-12, pp. 29–33). For the last seven years, he has worked for a private company which he describes as "a leading Veterinary Industry provider of DEA-compliance and controlled-substance anti-diversion solutions." *Id.* at 17.

To start, the Court will not exclude Mr. Teitelman's testimony as so fundamentally unsupported that it cannot offer the jury assistance. AmerisourceBergen argues that because Mr. Teitelman failed to review a multitude of key sources of information, his testimony should be excluded because it is "so fundamentally unsupported that it can offer no assistance to the jury." (Doc. 85, p. 4) (citing *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 865 (8th Cir. 2010)). The parties primarily dispute what documents Mr. Teitelman reviewed to prepare his report. AmerisourceBergen lists in its brief crucial documents that it claims Mr. Teitelman should have reviewed. *Id.* at 5. Additionally, AmerisourceBergen faults Mr. Teitelman for listing in his report that he reviewed Mr. Place's expert report but failing to specifically list that he reviewed the documents cited in Mr. Place's report. *Id.* While Mr. Teitelman's report may have more thoroughly listed the documents he relied on, that he might base his opinion on different facts than Mr. Place does not render his opinion inadmissible. *See Hopman v. Union Pac. R.R.*, 2020 WL 12654460, at *6 (E.D. Ark. Sept. 9, 2020). The Court cannot conclude that Mr. Teitelman's report is so fundamentally unsupported that it should be excluded. AmerisourceBergen can, as it acknowledges, challenge the factual basis and credibility of Mr. Teitelman's testimony at trial.

Next, the Court will not exclude Mr. Teitelman's opinions based on AmerisourceBergen's arguments that his opinions are factually flawed. AmerisourceBergen argues Mr. Teitelman is unaware of the steps in its investigation. (Doc. 85, p. 8). It points to instances where Mr. Teitelman's opinion stated that AmerisourceBergen drew conclusions "solely on one telephone

interaction" and relied "solely on algorithmic indicators" to identify red flags for diversion. *Id.* (citing Doc. 72-12, pp. 12, 17). However, reviewing Mr. Teitelman's report in its entirety reveals that he is aware of various steps AmerisourceBergen took as part of its investigation. If AmerisourceBergen contends that Mr. Teitelman misunderstands or should have placed more emphasis on certain facts, those matters can be addressed through cross-examination.

However, the Court will exclude Mr. Teitelman's testimony as it relates to his interpretation of *Ruan v. United States*, 497 U.S. 450 (2022). Mr. Teitelman's report attempts to explain how *Ruan* applies to the way that AmerisourceBergen and the DEA should evaluate a pharmacist's corresponding responsibility. Several reasons counsel against allowing Mr. Teitelman to testify about this topic, but the most critical is that experts cannot testify about legal matters.[3] *S. Pine Helicopters, Inc. v. Phx. Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003). It is the judge's role to instruct the jury on legal matters. *Id*.

Mr. Teitelman's testimony about *Ruan* impermissibly ventures into testimony about legal matters because he applies the *Ruan* case out of its criminal context. *See* Doc. 72-12, pp. 9–10. Mr. Teitelman's report discusses how *Ruan* should change the DEA's historical interpretation of regulations. *Id.* at 10. Courts can allow experts to testify about regulations, but not in the way that Mr. Teitelman discusses *Ruan*'s effect on regulations. *See, e.g.*, *Langenbau v. Med-trans Corp.*, 167 F. Supp. 3d 983, 1004 (N.D. Iowa 2016) (discussing expert testimony on regulations). For example, "'experts may *refer* to regulations in addition to their industry experience,' but they cannot 'properly testify as to whether a regulation was violated.'" *Id.* (quoting *Cowden v. BNSF*

---

[3] Another reason is that *Ruan* concerned the government's burden to prove a criminal defendant's state of mind in prosecutions of doctors for unauthorized prescribing of controlled substances such as opioids. 597 U.S. at 454. The facts and reasoning in *Ruan* are of little utility in this civil context.

*Ry. Co.*, 2013 WL 5442926, *6 (E.D. Mo. Sept. 30, 2013)) (emphasis in original).  Mr. Teitelman uses *Ruan* to discuss what AmerisourceBergen or the DEA must show before determining Manes has violated a regulation.  This is the Court's role, not Mr. Teitelman's, so his testimony about *Ruan* is not admissible.  If Manes believes *Ruan* changes the way the Court should instruct the jury on the law, Manes can address that when proposing jury instructions.

Finally, the Court does not agree with AmerisourceBergen that Mr. Teitelman's opinions about AmerisourceBergen's policies are unreliable because they are purely speculative. AmerisourceBergen primarily argues that because Mr. Teitelman does not have personal knowledge of how AmerisourceBergen's policies have changed over time, his opinions on the topic should be excluded.  However, Mr. Teitelman bases his opinion in part on his previous work with pharmacies that had a relationship with AmerisourceBergen.  *See* Doc. 72-1, internally numbered 213:12–215:17.  Additionally, Mr. Teitelman can base his opinion on facts or data he has been made aware of or personally observed.  Fed. R. Evid. 703.  Personal knowledge is not a prerequisite to his testimony.  As with the above, AmerisourceBergen's criticism is of the factual basis of Mr. Teitelman's opinions.  Those concerns can be addressed through cross-examination, with the jury determining Mr. Teitelman's credibility.  *See Bonner*, 259 F.3d at 929.

IV.   **Conclusion**

IT IS THEREFORE ORDERED that Manes' motions (Docs. 67, 69) are DENIED.

IT IS FURTHER ORDERED that AmerisourceBergen's motion (Doc. 72) is GRANTED IN PART AND DENIED IN PART, as explained above.

IT IS SO ORDERED this 23rd day of July, 2024.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

9